■ RICHARD WEED, as Administrator of the Estate of HENRIETTA WEED, Deceased, Respondent, v. COUNTY OF NASSAU, Appellant.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant appeals from an order of the Supreme Court, Nassau County, dated March 20, 1973, which (1) denied its motion for partial summary judgment dismissing the cause of action for conscious pain and suffering; for failure to timely serve a notice of claim, and (2) granted plaintiff's cross motion for leave to serve a late notice of claim. Order reversed, without costs, defendant's motion granted and cross motion denied. An application for leave to serve a notice of claim within a reasonable time after the expiration of the time specified " must be made within the period of one year after the happening of the event upon which the claim is based, and shall be made prior to the commencement of an action to enforce the claim " (General Municipal Law, § 50-e, subd. 5). The period of one year is rigid and inflexible even when an infant is involved (*Matter of Martin v. School Bd. of Union Free Dist. No. 28, Long Beach*, 301 N. Y. 233). There is an irrevocable limitation which comes with the lapse of a year after the date of the accident (*Matter of Rosenberg v. City of New York*, 309 N. Y. 304, 308; *Hall v. New York City Tr. Auth.*, 32 A D 2d 932). Furthermore, we may not disregard the provision of the statute which requires the motion to be made " prior to the commencement of an action to

enforce the claim." Here, the motion was made after the commencement of the action. Latham, Shapiro and Gulotta, JJ., concur; Munder, Acting P. J., and Benjamin, J., dissent and vote to affirm.