■ LEANORE MELLO, as Mother and Natural Guardian of Robert Mello, an Infant, Respondent, v HICKSVILLE UNION FREE SCHOOL DISTRICT No. 17, Appellant.—In an action to recover damages for personal injuries, *inter alia,* predicated upon fraud, defendant appeals from an order of the Supreme Court, Nassau County, dated June 5, 1975, which denied its motion to dismiss the complaint. Order reversed, on the law, without costs, and motion granted. No fact questions were raised on this appeal. Plaintiff's son was injured in a schoolyard accident on April 18, 1972. No notice of claim was filed within the 90-day period after the happening of the accident, as required by section 50-e of the General Municipal Law. Nor was any motion for leave to serve a late notice of claim made within one year of this occurrence, as prescribed by subdivision 5 of section 50-e. Two applications for such permission were, however, made after the expiration of the one-year period. Both were denied, *inter alia,* as untimely; the second denial was affirmed by this court *(Matter of Mello v Hicksville Union Free School Dist. No. 17,* 47 AD2d 603). The instant action represents plaintiff's third attempt to overcome the bar of her failure to comply with the provisions of section 50-e; the verified complaint charges defendant and its representatives with fraud and deceit in lulling plaintiff into taking no action until the time for compliance with section 50-e had passed. This attempt at invoking an equitable estoppel against defendant is no more meritorious than was plaintiff's second application for permission to serve a late claim, in which an equitable estoppel was also claimed. Even if we assume, solely for the sake of argument, that a plaintiff may commence a suit for personal injuries

without first securing permission to serve a late notice of claim, and allege in the complaint facts claimed to constitute an estoppel (see *Matter of Daley v Greece Cent. School Dist. No. 1,* 21 AD2d 976, affd 17 NY2d 530; but, see, *Weed v County of Nassau,* 42 AD2d 848, affd 34 NY2d 723), the *sine qua non* of an estoppel is the existence of some acts on the part of the defendant or its representatives within the 90-day period upon which the plaintiff justifiably relied in failing to give timely notice (see *Pugh v Board of Educ. Cent. Dist. No. 1—Fayetteville-Manlius School Dist.,* 38 AD2d 619, affd 30 NY2d 968; *Matter of Johnson v Board of Educ. of City of Rochester,* 33 AD2d 647). Here, there was concededly no contact whatsoever between plaintiff and defendant or its representatives during the 90-day period and, hence, no proper excuse for failure to timely serve a notice of claim exists. Rabin, Acting P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.