■ ATHENA O'BRIEN, Respondent, v PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellant. — Order of the Supreme Court, Westchester County (Cerrato, J.), dated January 19, 1984, affirmed, with costs. No opinion. ¶ The defendant's time to respond to the demand for a bill of particulars as directed by Special Term is extended until 15 days after service on it of a copy of the order to be entered hereon, with notice of entry. Titone, J. P., Thompson, Weinstein and Brown, JJ., concur.

■ JAMES OWENS et al., Appellants, v MILTON BERLIN et al., Respondents. — Order of the Supreme Court, Suffolk County (De Luca, J.), dated November 29, 1982, affirmed, without costs or disbursements (*Levine v Berlin,* 46 AD2d 902; see CPLR 2003; *Bolla v Blaugrund,* 14 AD2d 417). Gibbons, J. P., O'Connor, Boyers and Lawrence, JJ., concur.

■ LEYA PETRUSHANSKY, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. — In a medical malpractice action, defendant appeals from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated March 10, 1983, as denied its motion for summary judgment. ¶ Order affirmed insofar as appealed from, with costs. ¶ We reject defendant's contention that the continuous treatment doctrine may not toll the Statute of Limitations after service of a notice of claim, when the treatments continue past the time of the service. The patient must serve a notice of claim to preserve a potential lawsuit since said notice is a condition precedent to suit (*Giblin v Nassau County Med. Center,* 61 NY2d 67, 74) and the short time requirements of section 50-e of the General Municipal Law may result in the service of a notice of claim when no further treatments were contemplated. It would be unwise to deem the service of the notice of claim as a termination of the hospital-patient relationship when, in actuality, the patient may, as here, seek a further opportunity for corrective treatment after service of a notice of claim and the physician or hospital will have a chance to identify and correct errors made at an earlier time (see *Barrella v Richmond Mem. Hosp.,* 88 AD2d 379, 383). While the patient is certainly not compelled to serve a notice of claim during a course of treatment (*Borgia v City of New York,* 12 NY2d 151), if the patient does so, its service should not prejudice the patient should treatments later continue. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.