■ Yvon Nicholas et al., Appellants, v City of New York et al., Respondents.—In an action to recover damages for wrongful death, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Monteleone, J.), dated February 13, 1986, as granted those branches of the defendants' motion which were to dismiss the second and fourth causes of action asserted in their complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs do not dispute on appeal that their notice of claim with respect to their causes of action to recover damages for conscious pain and suffering was not filed within the 90-day period after the claim arose, as required by General Municipal Law § 50-e *(see, Gibbons v City of Troy,* 91 AD2d 707). Instead, the plaintiffs contend that the defendants are precluded by CPLR 3211 (e) from raising the defense of untimeliness in a motion to dismiss because it was not pleaded as an affirmative defense in their answer. We disagree. Compliance with the notice of claim provisions of General Municipal Law § 50-e is a condition precedent to suit *(see, Giblin v Nassau County Med. Center,* 61 NY2d 67; *Petrushansky v New York City Health & Hosps. Corp.,* 102 AD2d 819; General Municipal Law § 50-i). As such, it must be pleaded in the complaint, and the defendant need not allege lack of compliance as an affirmative defense *(see, e.g., Fleming v Long Is. R. R.,* 59 NY2d 895). Here, the defendants, in their answer, denied the allegation that the notice of claim complied with General Municipal Law § 50-e. Thus, there is no merit to the plaintiffs' contention that the defendants waived the defense that the notice of claim was untimely. Similarly, the plaintiffs cannot invoke the doctrine of estoppel since the defendants did not act wrongfully or negligently in failing to plead the untimeliness of the notice of claim as an affirmative defense *(see, Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.