■ PABLO RODRIGUEZ, SR., Individually and as Administrator of the Estate of PABLO RODRIGUEZ, JR., Deceased, Respondent, v CITY OF NEW YORK et al., Appellants, and MISERICORDIA HOSPITAL MEDICAL CENTER, Respondent.—Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered September 8, 1989, which denied the motion of defendants, City of New York and New York City Health and Hospitals Corporation (NYCHHC), to dismiss plaintiff's claim for conscious pain and suffering pursuant to CPLR 3211 (a) (7) on the ground that plaintiff had failed to serve a timely notice of claim, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The clerk is directed to enter judgment in favor of defendant dismissing plaintiff's cause of action alleging conscious pain and suffering.

This is an action to recover damages for personal injuries and wrongful death arising out of defendants' medical malpractice. The decedent died on August 4, 1981. Plaintiff served the municipal defendants with notices of claim on or about December 7, 1981 and thereafter, on or about August 24, 1982, commenced this action. In denying the municipal defendants' motion to dismiss the cause of action alleging conscious pain and suffering for failure to state a cause of action in that plaintiff had failed to file a timely notice of claim, the IAS court noted, citing *Bender v New York City Health & Hosps. Corp.* (38 NY2d 662), that although the city and NYCHHC were aware of untimely service of the notices of claim they nevertheless proceeded with hearings pursuant to General Municipal Law § 50-h. The court also held that defendants' failure to raise the defense of the Statute of Limitations in their answers constitutes a waiver. We reverse.

It is undisputed that, with respect to the causes of action for

conscious pain and suffering, the notice of claim was not served within the required 90-day period (see, General Municipal Law § 50-e [1] [a]; Nicholas v City of New York, 130 AD2d 470, 471) and that no motion for leave to serve a late notice of claim was made within the applicable limitations period. (See, General Municipal Law § 50-e [5]; § 50-i.)

Plaintiff argues that the municipal defendants' wrongful conduct, i.e., their awareness that service of the notice of claim was untimely and their failure to advise plaintiff of that fact, estops them from challenging the timeliness of the notice. Plaintiff relies on Bender v New York City Health & Hosps. Corp. (supra, at 668), in which the Court of Appeals held that "where a governmental subdivision acts or comports itself wrongfully or negligently, inducing reliance by a party who is entitled to rely and who changes his position to his detriment or prejudice, that subdivision should be estopped from asserting a right or defense which it otherwise could have raised. * * * The equitable bar to a defense may arise by virtue of positive acts, or omissions where there was a duty to act." However, "[t]hat holding, addressed to an unusual factual situation, is of very limited application and should not be read as diminishing the vitality of the general rule that the doctrine of estoppel is not applicable to agencies of the State acting in a governmental capacity." (Matter of Hamptons Hosp. & Med. Center v Moore, 52 NY2d 88, 93-94, n 1.) Defendants' conduct in this case—their mere failure to apprise plaintiff of the untimeliness of the notice of claim—does not constitute wrongful conduct such as to warrant a departure from the general rule or justify the finding of an estoppel. We have found no authority to the contrary. Similarly, the city, by holding a section 50-h hearing and proceeding with the litigation, did not waive its right to assert the untimeliness of the notice of claim. (See, Hochberg v City of New York, 99 AD2d 1028, 1029, affd 63 NY2d 665.)

The court erred, moreover, in concluding that the one-year-and-90-day period within which a notice of claim must be filed "constitutes a Statute of Limitations and must have been pleaded as an affirmative defense." (See, CPLR 3211 [e].) A notice of claim is a condition precedent to the commencement of a negligence action against the city; a condition precedent is not a time limitation. (Glamm v City of Amsterdam, 67 AD2d 1056, 1057, affd 49 NY2d 714.) Concur—Kupferman, J. P., Sullivan, Milonas and Rubin, JJ.

■ SYLVIA ROSENBERG, Individually and as Administratrix