■ In the Matter of DEWEY DOCKERY, Appellant, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, Respondent. [637 NYS2d 183] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals (1) from an order of the Supreme Court, Kings County (Greenstein, J.), dated February 17, 1994, which denied his application, and (2) as limited by his brief, from so much of an order of the same court, dated June 2, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 17, 1994, is dismissed, as that order was superseded by the order dated June 2, 1994, made upon reargument; and it is further,

Ordered that the order dated June 2, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner's proposed claim seeks damages for injuries which he allegedly sustained, *inter alia*, when unknown employees of the Department of Housing Preservation and Development of the City of New York (hereinafter the HPD) coerced and defrauded him into signing a consent order in a Housing Court matter. However, the petitioner's application for leave to serve a late notice of claim with respect to injuries arising from the consent order was not made until after the expiration of the applicable Statute of Limitations, and the petitioner has failed to demonstrate that the respondent engaged in any misleading conduct which would support a finding of equitable estoppel (*see, Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668; *Zaiman v Metropolitan Tr. Auth.*, 186 AD2d 555; *Francese v Sears, Roebuck & Co.*, 185 AD2d 225). Accordingly, to the extent that the petitioner's proposed claim seeks damages for injuries arising from the consent order, the Supreme Court properly determined that it was without authority to grant leave to serve a late notice of claim (*see, Francese v Sears, Roebuck & Co., supra; Siahaan v City of New York*, 123 AD2d 620).

Furthermore, the court did not improvidently exercise its discretion in denying the petitioner leave to serve a late notice of claim with respect to injuries which he allegedly sustained

when the HPD subsequently threatened to enter a default judgment against him for failing to comply with the Housing Court consent order. The petitioner's claim that he was unaware of the requirements of General Municipal Law § 50-e did not constitute a reasonable excuse for his failure to serve a timely notice of claim (*see, Matter of Plantin v New York City Hous. Auth.*, 203 AD2d 579), and the petitioner has failed to demonstrate that the HPD had actual notice of the facts underlying his claim at the time it accrued or within a reasonable time thereafter (*see, Matter of Serrano v New York City Hous. Auth.*, 197 AD2d 694; *Matter of Siena v Marlboro Houses*, 188 AD2d 534). Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.