■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES ERBY, Appellant. [658 NYS2d 298] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered September 20, 1994, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the seventh degree, and sentencing him to a prison term of 11 months, unanimously affirmed.

Defendant's suppression motion was properly denied. The motion court properly concluded that defendant relinquished any legitimate expectation of privacy (see, People v Ramirez-Portoreal, 88 NY2d 99, 108-112) since he indicated to one of the police officers that the property did not belong to him and he made no effort to retain it when he complied with the officer's request to leave the vehicle. Concur—Murphy, P. J., Milonas, Rosenberger, Wallach and Andrias, JJ.

■ JANET FRANK, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [658 NYS2d 293] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about April 24, 1996, which granted defendant City's motion for summary judgment dismissing the complaint on the grounds that plaintiff's notice of claim had not been timely served and that the City had no prior notice of the defect that allegedly caused plaintiff's injuries, unanimously affirmed, without costs.

The action was properly dismissed on the basis that notice of claim was not served until the 91st day after the accident and no motion for leave to serve a late notice of claim was made within the one-year-and-ninety-day Statute of Limitations (Pierson v City of New York, 56 NY2d 950). The City's conduct of a General Municipal Law § 50-h hearing and participation in years of litigation did not preclude it from first raising the untimeliness of the notice of claim after the action was well advanced, and it was free to do so up until the trial (Velez v City of New York, 157 AD2d 370, 374, lv denied 76 NY2d 715; Rodriguez v City of New York, 169 AD2d 532). In addition, the fact that the most recent Big Apple map on file with the Department of Transportation did not show a defect at the location where plaintiff allegedly fell was correctly held to be an alternative ground for dismissal (Katz v City of New York, 87 NY2d 241). Concur—Murphy, P. J., Milonas, Rosenberger, Wallach and Andrias, JJ.