■ VIKKI A. DAVIS, Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CONVENTION CENTER OPERATING CORPORATION, Also Known as JACOB K. JAVITS CENTER, Appellant. [673 NYS2d 79] —Order, Supreme Court, New York County (Norman Ryp, J.), entered on or about January 29, 1997, which granted plaintiff's cross motion to file a late notice of claim and denied defendant Convention Center's motion for summary judgment as moot, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied and the complaint dismissed as against the Convention Center. The Clerk is directed to enter judgment accordingly.

On September 7, 1995, plaintiff tripped and fell at the New York Convention Center, injuring her ankle and foot. On

October 2, 1995, plaintiff served a notice of claim upon defendant City of New York by way of the Mayor and the Corporation Counsel. In March 1996, she served a summons and complaint upon both the Convention Center and the City, seeking damages for her injuries; the complaint stated that a notice of claim had been served upon the City. In June 1996, the Convention Center demanded a verified bill of particulars, and, in August 1996, it replied to plaintiff's notice for discovery.

On September 16, 1996, the Convention Center moved for summary judgment dismissing the complaint on the ground that it had never been served with a notice of claim and that the applicable one-year Statute of Limitations had run (Public Authorities Law § 2570; General Municipal Law § 50-e). The IAS Court denied defendant's motion as moot and granted plaintiff's cross motion to file a late notice of claim. The court found that the original notice of claim was "misdirected" to the Mayor; that the summons and complaint had been served and filed within the Statute of Limitations period; and that no prejudice had inured to defendant by the failure to file a notice of claim as against it. Accordingly, it granted plaintiff's motion to file a late notice of claim.

It is well settled that a court has broad discretion to grant permission to file a late notice of claim. Despite such discretion, however, a court is precluded from granting such application when permission is sought after the Statute of Limitations has run (*Pierson v City of New York*, 56 NY2d 950, 954; *Armstrong v New York Convention Ctr. Operating Corp.*, 203 AD2d 170, 170-171). This is precisely the circumstance in which plaintiff is situated with respect to the Convention Center. Therefore, appellant's motion for summary judgment dismissing the complaint as against it should have been granted and plaintiff's cross motion denied.

In compliance with General Municipal Law § 50-e, plaintiff duly served a notice of claim against defendant New York City within the prescribed 90-day period. Pursuant to Public Authorities Law § 2570, however, service of such notice of claim under General Municipal Law § 50-e "shall be a condition precedent to the commencement of an action against the corporation * * * No such action shall be commenced more than one year after it has accrued". Thus, while plaintiff's action was properly commenced against the City, it was never "commenced" within the meaning of the statute against the Convention Center. It is of no help to plaintiff that a summons and complaint were timely served upon the Convention Center; it has previously been held that service of a summons and com-

plaint within the limitations period does not excuse the failure to file a timely notice of claim, nor is it an acceptable substitute for a timely notice of claim (*Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 61-62; *Nu-Life Constr. Corp. v Board of Educ.*, 204 AD2d 106, 108, *appeal dismissed* 84 NY2d 850).

Equally unavailing is the argument that, having timely served the requisite notice upon the City, such service constitutes timely service upon the Convention Center as well. The Convention Center, which was at all times clearly an ascertainable party to the action, is not an "alter ego" of the defendant City, and notice to the City may not be imputed to the Convention Center (*Seif v City of New York*, 218 AD2d 595).

Finally, defendant was under no obligation to apprise plaintiff that she had failed to file a timely notice of claim as against it (*see, e.g., Frazier v Liberty Lines*, 170 AD2d 304), nor does its participation in the litigation prior to bringing the instant motion preclude it from seeking dismissal on this ground; the failure to file a timely notice of claim may be raised any time prior to trial (*see, e.g., Rodriguez v City of New York*, 169 AD2d 532, 533; *Frank v City of New York*, 240 AD2d 198). Indeed, even where preceded by "years of litigation," we have upheld a defendant's right to raise this claim (*supra,* at 198). Concur—Milonas, J. P., Nardelli, Wallach and Andrias, JJ.