**3** GEORGE DALLAL et al., Respondents-Appellants, v CITY OF NEW YORK, Respondent, and HERBERT SCHIMMEL et al., Appellants-Respondents, et al., Defendant. CITY OF NEW YORK, Third-Party Plaintiff-Respondent, v ISRAEL DISCOUNT BANK OF NEW YORK, Third-Party Defendant-Appellant. [683 NYS2d 63]

—Order, Supreme Court, New York County (Jane Solomon, J.), entered on or about July 15, 1997, which, *inter alia,* granted the City's cross-motion for summary judgment dismissing the complaint for lack of prior written notice of the alleged sidewalk defect as required by section 7-201 (c) (2) of the Administrative Code of the City of New York, unanimously affirmed, without costs.

Despite the attempt of the Director of the Big Apple Pothole and Sidewalk Protection Corporation to refute the factual premise underlying such decision, the holding of the Court of Appeals in *Katz v City of New York* (87 NY2d 241, 245) that it is a "reasonable expectation that in the event two Big Apple maps depict the same area and both predate plaintiff's accident, the later dated map most accurately portrays the area on the date of the accident" is controlling and dispositive of plaintiff's cause of action against the City as well as the City's third-party action (*see, Frank v City of New York,* 240 AD2d 198; *see also, Civello v City of New York,* 255 AD2d 353; *Halali v City of New York,* 253 AD2d 849). We have considered defendants' arguments on their cross-appeals regarding the de minimis nature of the alleged defect and find them unpersuasive. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.