■ DESIREE BROWN, Individually and as Mother and Natural Guardian of TRICIA BROWN, an Infant, Respondent, v CITY OF NEW YORK et al., Appellants. [694 NYS2d 461] —In an action to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Bellard, J.), dated May 21, 1998, which denied their motion to dismiss the complaint.

Ordered that the order is modified, on the law, by granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant City of New York; as so modified, the order is affirmed, without costs or disbursements, and the action against the defendant New York City Health and Hospitals Corporation is severed.

This is an action to recover damages for medical malpractice which allegedly occurred at a New York City hospital. In such an action, the New York City Health and Hospitals Corporation, not the City of New York, is the proper defendant (*see, Randolph v City of New York,* 69 NY2d 844; *Pollock v City of New York,* 145 AD2d 550).

The branch of the defendants' motion which was to dismiss the complaint against the New York City Health and Hospitals

Corporation for failure to serve a notice of claim upon it was properly denied. There is evidence in the record that the New York City Health and Hospitals Corporation had notice of the claim and retained counsel to defend it 98 days after the claim accrued, but there is no evidence in the record that it was duly served within 90 days after the claim accrued. The New York City Health and Hospitals Corporation waited until after the 10-year toll in the Statute of Limitations for infants had expired (*see,* CPLR 208), after a judgment in its favor had been vacated based upon the plaintiffs' meritorious cause of action, after the plaintiffs complied with its request to depose a nonparty witness, after discovery had been completed to its satisfaction, and after the case was on the trial calendar before moving to dismiss based on the failure to timely serve the notice of claim.

By failing to raise this purported defect in opposition to an application to vacate a judgment in its favor, the New York City Health and Hospitals Corporation engaged in misleading conduct, the clear intent of which was to delay any resolution of the issue of whether the notice of claim was properly served until after the 10-year toll pursuant to CPLR 208 had expired (*see, Matter of Dockery v Department of Hous. Preservation & Dev.,* 223 AD2d 705; *Jeshurin v Liberty Lines Tr.,* 191 AD2d 412). Therefore, it is equitably estopped from raising the purported defect at this juncture.

The defendants' remaining contentions are without merit (*see, Competello v Giordano,* 51 NY2d 904; *Rose Ocko Found. v Lebovits,* 259 AD2d 685). S. Miller, J. P., Joy, H. Miller and Feuerstein, JJ., concur.