OPINION OF THE COURT
Richard F. Braun, J.
In this personal injury action, plaintiff sued defendant for negligence. Plaintiff tripped and fell on December 3, 1997 when crossing the easterly crosswalk at the intersection of Third Avenue and East 59th Street in Manhattan. Her accident was *556 caused by a pothole located in that crosswalk. Due to the fall, she fractured her left proximal humerus. This action was tried before this court and a jury.
During the trial, plaintiff offered into evidence two different maps for the subject location, which were prepared by the Big Apple Pothole and Sidewalk Protection Committee, Inc. (Big Apple), and filed with defendant’s Department of Transportation (DOT). Each was prepared and filed at a different time, with the more recent one from September 5, 1997 and the earlier one from July 12, 1996. Each showed a defect located approximately at the subject location. Defendant objected to the admission into evidence of the earlier map as irrelevant, unduly prejudicial, and cumulative, and cited Katz v City of New York (87 NY2d 241 [1995]) and Dallal v City of New York (257 AD2d 354 [1st Dept 1999]).
Pursuant to Administrative Code of the City of New York § 7-201 (c) (2) (the Pothole Law), defendant generally cannot be sued for personal injury damages caused by a pothole in a crosswalk unless prior written notice of the defect was given to the DOT and 15 days have passed without the defect being repaired. Such notice is a condition precedent to maintenance of an action against defendant, which plaintiff must prove at trial (Katz v City of New York, supra, at 243).
Maps prepared and filed by Big Apple can be sufficient written notice under the Pothole Law. (Supra.) The Court of Appeals concluded in Katz that the Big Apple map that controls for the purpose of showing compliance with the Pothole Law is the most recently filed map that predates a plaintiffs accident (Katz v City of New York, supra, at 244), and held that, “in the factual circumstances presented,” an earlier filed Big Apple map could not satisfy the requirement of Pothole Law notice (supra, at 243). The majority did not agree with the dissent which opined that introduction of the earlier map into evidence showed that defendant had Pothole Law notice, and that defendant then had to demonstrate that the earlier map was incorrect or that defendant had corrected the defect by the time of the second more recent map which did not show the subject defect (the majority concludes that it is reasonable to expect that the more recent map is more accurate, even though with hundreds of maps being prepared and filed containing thousands of defects, it is certainly possible that a more recent map could have erroneously left out a still existing defect that was properly included in an earlier map of the location) (Katz v City of New York, supra, at 245-246). In Dallal (supra), the Ap *557 pellate Division, First Department, relied upon Katz in affirming the award of summary judgment dismissing the plaintiffs complaint for lack of prior written notice, in spite of an attempt by Big Apple’s Director to refute the factual underpinnings of Katz (supra, at 244-245; 257 AD2d, supra, at 355).
That does not end the analysis here, though. In this action, defendant’s attorney in cross-examining plaintiffs witness from Big Apple elicited that on September 5, 1997 Big Apple served the DOT with more than 100 pages of maps and on some days serves hundreds of maps at a time, and that each map may contain hundreds of depicted defects. Defendant’s purpose in this was to convince the jury that defendant is overwhelmed with defects to correct on defendant’s streets and sidewalks, and thus that defendant should not have been held responsible for plaintiffs accident and injuries.
Plaintiff introduced the earlier map into evidence to counter at least in part this point of defendant’s. The earlier map was introduced by plaintiff to show that not only did defendant have from the date of the later Big Apple map, September 5, 1997, until December 3, 1997, the date of plaintiffs accident, to repair the subject pothole, but, because defendant had notice of a defect in the subject crosswalk at least as early as the July 12, 1996 Big Apple map, defendant had since at least then to correct the defect. Thus, the earlier Big Apple map was not irrelevant, unduly prejudicial, or cumulative, and therefore it was admissible for the purpose of rebutting defendant’s contention that defendant should not have been held to be negligent and thus liable to plaintiff, due to defendant’s being inundated with street and sidewalk defects to repair.
Therefore, the objection by defendant was overruled, and the earlier Big Apple map was allowed into evidence. Ultimately, the jury found for plaintiff against defendant.