■ MADY MOUSTAFA, Appellant, v JAMAICA HOSPITAL MEDICAL CENTER, Respondent. [758 NYS2d 120] —In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated April 29, 2002, as granted that branch of the defendant's motion which was to dismiss the complaint for lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, with costs.

In its answer to the complaint in this action the defendant raised the affirmative defense of lack of service of process, and then moved pursuant to CPLR 3211 to dismiss the complaint, inter alia, for lack of personal jurisdiction on that and other grounds.

On the same day that the answer was served, and after such service, the plaintiff's counsel faxed to the defense a copy of the

process server's affidavit, attesting that the summons had been served on the defendant. Over 60 days later, the plaintiff's counsel informed his adversary that, in fact, no summons had been served.

The Supreme Court correctly dismissed the complaint for lack of service of process (*see Cuccia v Weiner & Assoc.,* 234 AD2d 26 [1996]). We reject the plaintiff's contention that the defendant waived its defense of lack of service by failing to move to dismiss the complaint on that ground within 60 days of serving its answer (*see* CPLR 3211 [e]). Under the circumstances of this case, we conclude that the plaintiff should be equitably estopped from asserting the time limit of CPLR 3211 (e) (*see Brown v City of New York,* 264 AD2d 493 [1999]).

The plaintiff's remaining contentions are without merit. Altman, J.P., Florio, Friedmann and H. Miller, JJ., concur.