■ SHARITA WADE et al., Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent. [793 NYS2d 68]—

In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Levine, J.), dated May 30, 2003, which granted the defendant's motion to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e and denied their cross motion to deem the notice of claim timely served nunc pro tunc.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' assertion, the defendant was under no obligation to apprise the plaintiffs that their notice of claim had not been timely served upon it. Nor did the defendant's participation in the litigation prior to bringing its motion to dismiss preclude it from seeking dismissal on this ground since the failure to serve a timely notice of claim may be raised any time prior to trial (*see Davis v City of New York,* 250 AD2d 368 [1998]; *Frank v City of New York,* 240 AD2d 198 [1997]). The Supreme Court correctly rejected the plaintiffs' equitable estoppel claim since estoppel against a municipal defendant will lie only when the municipal defendant's conduct was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim and when that conduct was justifiably relied upon by that party (*see Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662 [1976]; *Matter of Dockery v Department of Hous. Preserv. & Dev. of City of N.Y.,* 223 AD2d 705 [1996]; *Campbell v City of New York,* 203 AD2d 504 [1994]). The plaintiffs failed to demonstrate that the defendant engaged in any misleading conduct which would support a finding of equitable estoppel (*see Brown v City of New York,* 264 AD2d 493 [1999]).

The plaintiffs' remaining contention is without merit. Florio, J.P., Krausman, Rivera and Fisher, JJ., concur.