■ JUSTINE M. BRAUN, Appellant, v COUNTY OF ORANGE et al., Respondents, et al., Defendants. (And a Third-Party Action.) [819 NYS2d 296]—

In an action, inter alia, to recover damages for wrongful death and conscious pain and suffering, the plaintiff appeals from an order of the Supreme Court, Orange County (Horowitz, J.), dated February 3, 2005, which granted the motion of the defendants County of Orange, Orange County Department of Residential Health Care Services, and Orange County Home & Infirmary pursuant to CPLR 3211 to dismiss the amended complaint to the extent that it seeks recovery against them for any alleged injuries to the decedent prior to June 29, 2001, for failure to serve a notice of claim and as time-barred, and denied her cross motion, inter alia, for leave to serve and file a late notice of claim regarding those alleged injuries.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the motion of the defendants County of Orange, Orange County Department of Residential Health Care Services, and Orange County Home & Infirmary (hereinafter the Orange County defendants) to dismiss the amended complaint to the extent that it seeks recovery against them for any alleged injuries to the decedent which may have occurred prior to the incident of June 29, 2001. The plaintiff failed to timely serve a notice of claim with respect to those alleged injuries, pursuant to General Municipal Law § 50-e. Moreover, the plaintiff failed to commence an action with regard to the subject alleged injuries within the requisite limitations period (*see* General Municipal Law § 50-i). Accordingly, to the extent that the plaintiff seeks to recover damages against the Orange County defendants for those alleged injuries, the claim is procedurally defective and time-barred.

The denial of that branch of the plaintiff's cross motion which was for leave to serve a late notice of claim with regard to the alleged additional injuries was also proper, since the running of the statute of limitations precluded that relief (*see Pierson v City of New York*, 56 NY2d 950 [1982]; *Friedman v City of New York*, 19 AD3d 542 [2005]; *Small v New York City Tr. Auth.*, 14 AD3d 690 [2005]).

The plaintiff's remaining contentions, including her estoppel arguments, are without merit. Miller, J.P., Schmidt, Mastro and Lunn, JJ., concur.