ASTREL DORCE et al., Appellants, v UNITED RENTALS NORTH AMERICA, INC., Defendant, and COWAN DENOCHY, Respondent. [915 NYS2d 79]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Flug, J.), dated September 17, 2009, which granted the motion of the defendant Cowan Denochy pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for the plaintiffs' failure to serve a notice of claim in compliance with General Municipal Law § 50-e (1) (b) and § 50-i (1).

Ordered that the order is affirmed, with costs.

The failure to timely serve a notice of claim in a tort action against an employee of a municipality who was acting within the scope of his public employment and in the discharge of his duties when the tort allegedly was committed requires dismissal of the complaint (*see* General Municipal Law § 50-i; *Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 61-62 [1984]; *Laroc v City of New York*, 46 AD3d 760 [2007]; *Maxwell v City of New York*, 29 AD3d 540 [2006]; *Perkins v City of New York*, 26 AD3d 483 [2006]; *Small v New York City Tr. Auth.*, 14 AD3d 690 [2005]; *Smith v Scott*, 294 AD2d 11 [2002]). Here, it is uncontested that the plaintiffs failed to serve a notice of claim, and that no application was made for leave to serve a late notice of claim within the applicable statutory period.

Contrary to the plaintiffs' assertion, there was no express agreement to waive the statutory notice of claim provision (*see Davis-Wallbridge, Inc. v City of Syracuse*, 71 NY2d 842, 843-844 [1988]), and a waiver cannot be implied from the parties' stipulation dated December 11, 2007, vacating an order of the Supreme Court, Queens County (Ruditzky, J.), dated March 9, 2007, granting the plaintiffs' motion for leave to enter a default

judgment against the defendant Cowen Denochy, since the stipulation made no reference to the notice of claim, and only the defense of lack of personal jurisdiction was withdrawn. Moreover, Denochy was under no obligation to apprise the plaintiffs that their notice of claim had not been timely served, and he was under no obligation to plead, as an affirmative defense, the plaintiffs' failure to comply with the statutory requirement (*see Laroc v City of New York*, 46 AD3d at 761; *Maxwell v City of New York*, 29 AD3d at 541; *Lynch v New York City Tr. Auth.*, 12 AD3d 644 [2004]; *Ames v City of New York*, 280 AD2d 625 [2001]). Nor did Denochy's participation in the litigation before bringing his motion to dismiss the complaint insofar as asserted against him preclude him from seeking dismissal on this ground since the failure to serve a timely notice of claim may be raised any time prior to trial (*see Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]; *Davis v City of New York*, 250 AD2d 368 [1998]; *Frank v City of New York*, 240 AD2d 198 [1997]).

Additionally, the Supreme Court correctly rejected the plaintiffs' equitable estoppel claim since estoppel against a municipal defendant will lie only when the municipal defendant's conduct was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim and when that conduct was justifiably relied upon by that party (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]; *Vandermast v New York City Tr. Auth.*, 71 AD3d 1127 [2010]; *Mohl v Town of Riverhead*, 62 AD3d 969 [2009]; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d at 677; *Matter of Dockery v Department of Hous. Preserv. & Dev. of City of N.Y.*, 223 AD2d 705 [1996]; *Campbell v City of New York*, 203 AD2d 504 [1994]). Here, the plaintiffs failed to demonstrate that Denochy engaged in any misleading conduct that would support a finding of equitable estoppel (*see Wade v New York City Health & Hosps. Corp.*, 16 AD3d at 677; *Brown v City of New York*, 264 AD2d 493 [1999]; *Cappadonna v New York City Tr. Auth.*, 187 AD2d 691 [1992]; *Nicholas v City of New York*, 130 AD2d 470 [1987]). Moreover, the stipulation was entered into after the statutory periods for serving a notice of claim and seeking leave to serve a late notice of claim had expired and, therefore, the plaintiffs could not have relied on any conduct by Denochy in discouraging them from serving a notice of claim (*see* General Municipal Law §§ 50-e, 50-i).

Since the plaintiffs did not serve a notice of claim, the Supreme Court properly granted Denochy's motion to dismiss the complaint insofar as asserted against him (*see* General Mu-

nicipal Law § 50-i; *Laroc v City of New York*, 46 AD3d at 761; *Maxwell v City of New York*, 29 AD3d at 541; *Perkins v City of New York*, 26 AD3d at 483; *Small v New York City Tr. Auth.*, 14 AD3d at 691; *Herrera v Duncan*, 13 AD3d 485 [2004]).

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.