■ GERARD T. GOONAN, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [912 NYS2d 425]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Ritholtz, J.), entered June 12, 2009, as denied that branch of his motion which was, in effect, pursuant to CPLR 3215 for leave to enter a default judgment, and (2) from an order of the same court (Lane, J.), entered July 20, 2009, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint.

Ordered that the order entered June 12, 2009, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered July 20, 2009, is affirmed, without costs or disbursements.

The plaintiff commenced this action seeking damages for

personal injuries after he allegedly was injured on a bus owned and operated by the defendant. The plaintiff failed to appear for a preliminary conference held on November 10, 2008. A preliminary conference order dated November 10, 2008, directed the defendant to serve a copy of that preliminary conference order on the plaintiff within 30 days from the date of the preliminary conference order. The preliminary conference order also provided that the plaintiff had 30 days to file a notice of claim. The defendant sent a copy of the preliminary conference order by certified mail to the plaintiff on November 19, 2008. However, upon learning that the preliminary conference order was sent to the wrong address allegedly due to a typographical error, the defendant sent another copy of the preliminary conference order to the plaintiff at a different address by certified mail on March 6, 2009. On April 29, 2009, the plaintiff moved, inter alia, in effect, for leave to enter a default judgment on the ground that the defendant failed to timely serve him with a copy of the preliminary conference order. By order entered June 12, 2009, the Supreme Court, among other things, denied that branch of the plaintiff's motion. By order entered July 20, 2009, the Supreme Court granted the defendant's motion to dismiss the complaint.

A plaintiff may seek a default judgment "[w]hen a defendant has failed to appear, plead or proceed to trial of an action reached and called for trial, or when the court orders a dismissal for any other neglect to proceed" (CPLR 3215 [a]). Under the circumstances presented here, the plaintiff was not entitled to the relief sought pursuant to CPLR 3215 due to the defendant's failure to timely serve him with the preliminary conference order. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for leave to enter a default judgment.

Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion to dismiss the complaint for failure to serve a notice of claim. Service of a notice of claim within 90 days after accrual of the claim was a condition precedent for commencing an action against the defendant (see General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; Braun v County of Orange, 31 AD3d 593 [2006]; Friedman v City of New York, 19 AD3d 542, 543 [2005]; Nicholas v City of New York, 130 AD2d 470, 471 [1987]). Here, the plaintiff failed to serve a notice of claim on the defendant within 90 days after accrual of the claim as mandated by General Municipal Law § 50-e. Additionally, the plaintiff did not serve a late notice of claim within 30 days from the defendant's service of the preliminary conference order upon him on March 6, 2009, although

that order provided that the plaintiff had 30 days to file a notice of claim. Accordingly, the Supreme Court properly granted the defendant's motion to dismiss the complaint based on the plaintiff's failure to comply with the requirements of General Municipal Law § 50-e (*see Braun v County of Orange*, 31 AD3d at 593; *Friedman v City of New York*, 19 AD3d at 543; *Nicholas v City of New York*, 130 AD2d at 471).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.