■ CHRISTOPHER CARAFORA, Respondent, v TOWN OF NEWBURGH, Appellant. [920 NYS2d 788]—

In an action to recover damages for injury to real and personal property, the defendant appeals from an order of the Supreme Court, Orange County (Ritter, J.), dated June 17, 2010, which denied its motion to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim in compliance with General Municipal Law §§ 50-e and 50-i and for failure to commence the action within one year and 90 days of the happening of the event.

Ordered that the order is reversed, on the law, with costs, that branch of the defendant's motion which was to dismiss the complaint for failure to serve a timely notice of claim in compliance with General Municipal Law §§ 50-e and 50-i is granted, and the motion is otherwise denied as academic.

In October 2009, the plaintiff commenced this action against the defendant, Town of Newburgh, to recover damages to real and personal property allegedly caused by the defendant's negligent failure to maintain a sewer and drainage system that serves the plaintiff's property. The plaintiff alleged that his property sustained damages on June 27, 2005, October 31, 2007, and October 27, 2008. On February 25, 2009, the plaintiff served a notice of claim on the defendant alleging that, beginning on June 27, 2005, and continuing, the defendant's negligence had caused damage to his property. The Supreme Court denied the defendant's motion to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim in compliance with General Municipal Law §§ 50-e and 50-i and for failure to commence the action within one year and 90 days of the happening of the event. We reverse.

The Supreme Court erred in denying that branch of the defendant's motion which was to dismiss the complaint on the ground that the plaintiff failed to serve a timely notice of claim in compliance with General Municipal Law §§ 50-e and 50-i. Contrary to the plaintiff's contention, viewing the complaint in

the light most favorable to him, the allegations therein sounded in negligence and did not seek equitable relief by way of an injunction. Service of a notice of claim within 90 days after accrual of the claim is a condition precedent for commencing an action sounding in tort against the defendant town (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Goonan v New York City Tr. Auth.*, 79 AD3d 801 [2010]; *Rist v Town of Cortlandt*, 56 AD3d 451, 452 [2008]). Since the plaintiff failed to serve a notice of claim within 90 days of the alleged losses, the notice of claim that the plaintiff served in February 2009, without leave of the court, was a nullity (*see Rist v Town of Cortlandt*, 56 AD3d at 452; *Pierre v City of New York*, 22 AD3d 733 [2005]).

In light of our determination, we need not reach the defendant's remaining contention.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.