■ ROBERT DIER, Respondent, v SUFFOLK COUNTY WATER AUTHORITY, Appellant, et al., Defendants. [923 NYS2d 847]—

In an action to recover damages for injury to property, the defendant Suffolk County Water Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated July 29, 2010, as denied its motion, in effect, to dismiss the complaint insofar as asserted against it for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Suffolk County Water Authority, in effect, to dismiss the complaint insofar as asserted against it is granted.

The Supreme Court erred in concluding that the appellant is estopped from asserting a defense based on the plaintiff's failure to serve a timely notice of claim. Equitable estoppel against a public corporation will lie only when the conduct of the public corporation was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim, and when that conduct was justifiably relied upon by that party (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]; *Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1111 [2010]; *Vandermast v New York City Tr. Auth.*, 71 AD3d 1127 [2010]; *Mohl v Town of Riverhead*, 62 AD3d 969 [2009]; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]). Here, the plaintiff failed to demonstrate that the appellant engaged in any misleading conduct that would support a finding of equitable estoppel (*see Dorce v United Rentals N. Am., Inc.*, 78 AD3d at 1111; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]; *Walter H. Poppe Gen. Contr. v Town of Ramapo*, 280 AD2d 667, 668 [2001]; *Cappadonna v New York City Tr. Auth.*, 187 AD2d 691, 692 [1992]; *Nicholas v City of New York*, 130 AD2d 470 [1987]). The fact that the appellant conducted an examination pursuant to General Municipal Law § 50-h prior to making its motion to dismiss does not justify a finding of estoppel (*see Hochberg v City of New York*, 63 NY2d 665 [1984]; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]; *Rodriguez v City of New York*, 169 AD2d 532, 533 [1991]; *Ceely v New York City Health & Hosps. Corp.*, 162 AD2d 492 [1990]). Accordingly, the appellant's motion, in effect, to dismiss the complaint insofar as asserted against it for the plaintiff's failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5) should have been granted. Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32060(U).]**