■ JESSE DEVERNA, Appellant, v INCORPORATED VILLAGE OF LYNBROOK et al., Respondents. [925 NYS2d 340]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered June 4, 2010, which granted the defendants' respective motions pursuant to CPLR 3211 (a) (5) to dismiss the action as time-barred and denied her cross motion to extend her time to commence the action pursuant to CPLR 205 (a).

Ordered that the order is affirmed, with one bill of costs.

The defendants established that the plaintiff failed to commence an action within the applicable limitations period (*see* General Municipal Law § 50-i; *Braun v County of Orange*, 31 AD3d 593 [2006]). Contrary to the plaintiff's contention, the service of a timely notice of claim upon the defendants and commencement of a prior proceeding pursuant to General Municipal Law § 50-e (6) for leave to amend the notice of claim did not serve to commence an action for purposes of CPLR 205 (a) (*see* CPLR 203 [c]; 304 [a]; *Maldonado v Maryland Rail Commuter Serv. Admin.*, 91 NY2d 467, 471 [1998]). Accordingly, the six-month extension of the statute of limitations period contained in CPLR 205 (a) was not available to the plaintiff, notwithstanding that the defendants may have had actual notice of the claim (*see Markoff v South Nassau Community Hosp.*, 61 NY2d 283, 287 [1984]; *Meneely v Hitachi Seiki USA*, 175 AD2d 111, 113 [1991]; *Prevost v Hartman*, 103 AD2d 842, 843 [1984]; *Frerk v Mercy Hosp.*, 99 AD2d 504, 505 [1984], *affd* 63 NY2d 635 [1984]). In light of the foregoing, the defendants' respective motions to dismiss the action as time-barred were properly granted, and the plaintiff's cross motion to extend her time to commence the action pursuant to CPLR 205 (a) was properly denied (*see* CPLR 201). Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.