■ In the Matter of AHDY L. ATTALLAH, Appellant, v NASSAU UNIVERSITY MEDICAL CENTER et al., Respondents. [15 NYS3d 197]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Marber, J.), entered January 13, 2014, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

Timely service of a notice of claim is a condition precedent to the commencement of a tort action against the respondents (*see* General Municipal Law §§ 50-e [1] [a]; 50-i [1]; Public Authorities Law § 3415 [1]). The petitioner failed to serve a notice of claim upon the respondents within the requisite 90-day period (*see* General Municipal Law § 50-e [1] [a]). Although late service of a notice of claim by leave of court is permitted under certain circumstances, the petitioner was required to petition for leave to serve a late notice of claim within one year and 90 days of the accrual of the claim (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950, 954 [1982]; *McShane v Town of Hempstead*, 66 AD3d 652, 653 [2009]; *Laroc v City of New York*, 46 AD3d 760, 761 [2007]; *Alston v Aversano*, 24 AD3d 399, 400 [2005]). The petitioner's failure to petition for leave to serve a late notice of claim within one year and 90 days of the date that his claim accrued deprived the Supreme Court of authority to permit late service of a notice of claim (*see Pierson v City of New York*, 56 NY2d at 954-956; *McShane v Town of Hempstead*, 66 AD3d at 653; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]; *Santiago v City of New York*, 294 AD2d 483 [2002]).

Moreover, the Supreme Court correctly rejected the petitioner's equitable estoppel claim. Estoppel against a public corporation will lie only when the public corporation's conduct was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim and when that conduct was justifiably relied upon by that party (*see Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668 [1976]; *Dier v Suffolk County Water Auth.*, 84 AD3d 861, 862 [2011]; *Dorce v United Rentals N. Am., Inc.*, 78 AD3d 1110, 1111 [2010]; *Vandermast v New York City Tr. Auth.*, 71 AD3d 1127 [2010]). Here, the petitioner failed to demonstrate that the respondents engaged in any misleading conduct that would support a finding of equitable estoppel (*see Dier v Suffolk County Water Auth.*,

84 AD3d at 862; *Dorce v United Rentals N. Am., Inc.*, 78 AD3d at 1111; *Wade v New York City Health & Hosps. Corp.*, 16 AD3d 677 [2005]). In addition, there was no evidence that the respondents made any settlement representations upon which the petitioner justifiably relied prior to the expiration of the statutory periods for serving a notice of claim or seeking leave to serve a late notice of claim and, therefore, the petitioner could not have relied on any conduct by the respondents in discouraging him from serving a notice of claim or seeking leave (*see Dorce v United Rentals N. Am., Inc.*, 78 AD3d at 1111; *Mello v Hicksville Union Free School Dist. No. 17*, 51 AD2d 580, 581 [1976], *affd* 41 NY2d 927 [1977]; *Pugh v Board of Educ., Cent. Dist. No. 1—Fayetteville-Manlius School Dist.*, 38 AD2d 619, 620 [1971], *affd* 30 NY2d 968 [1972]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.