■ ROBERT H. BURACK, Respondent, v ABRAHAM BURACK et al., Appellants.—In an action for partition of certain real property, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Delaney, J.), entered October 10, 1984, which, *inter alia*, denied the defendants' cross motion for leave to serve an amended and supplemental answer, and (2) an order of the same court, entered January 2, 1985, which, *inter alia*, denied the defendant's motion for leave to renew.

Order entered January 2, 1985, reversed, as a matter of discretion, without costs or disbursements, motion to renew granted, and, upon renewal, order entered October 10, 1984, vacated, the defendants' cross motion granted, the defendants' amended and supplemental answer deemed served, and matter remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Appeal from the order entered October 10, 1984, dismissed, without costs or disbursements, as academic, in light of our determination on the appeal from the order entered January 2, 1985.

By verified complaint dated April 25, 1978, the plaintiff Robert H. Burack, an officer and director of I. Burack, Inc., instituted the instant partition action seeking judicial sale of certain premises occupied by I. Burack, Inc. The defendants Abraham W. Burack, the plaintiff's brother, and Solomon Jaffe, the plaintiff's brother-in-law, are each one-third record owners with the plaintiff of the premises in question. In 1979, the plaintiff was discharged from the family business, I. Burack Inc., allegedly for cause, although the plaintiff maintains the termination was entirely wrongful.

By joint answer served in or about May 1978, the defendants consented to "a sale of the premises by and under the direction of [the] court, as prayed for in the complaint". After the defendants served their answer consenting to the sale, there was no further activity in the case for a period of approximately six years. By notice of motion dated May 16, 1984, however, the plaintiff made a motion for an order pursuant to RPAPL 911, requesting the appointment of a Referee to oversee the sale of the premises. The defendants, in response, cross-moved for an order granting them leave to serve an amended and supplemental answer which disavowed the consent set forth in the 1978 answer and raised numerous affirmative defenses to the partition action. The defendants' cross motion was tersely denied, the court simply stating that "[t]his court notes that the instant action is six years old. Under the circumstances, the cross-motion to serve an amended answer is denied". The defendants' motion for leave to renew their cross motion was similarly denied. The defendants now appeal, arguing that the court abused its discretion in denying them leave to serve an amended and supplemental answer. We agree and reverse.

This court has recently stated that "leave to amend a pleading should be freely granted unless the amendment

sought is palpably improper or insufficient as a matter of law or unless prejudice or surprise directly results from delay in seeking such amendment" *(Barnes v County of Nassau,* 108 AD2d 50, 52). Moreover, " '[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine' " *(Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959, quoting from Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:5, p 477). Further, "neither the fact that a motion is made on the eve of trial nor the fact that the matter * * * may defeat the opposing party's cause of action is, in and of itself, a sufficient ground for denying leave to amend" *(Barnes v County of Nassau, supra,* at p 52).

At bar, it is notable that the plaintiff's 1984 motion seeking appointment of a Referee apparently represented the first instance of judicial action taken by the plaintiff since his summons and complaint were served some six years earlier. In light of the plaintiff's inaction, and considering the absence of significant developments in the case which might militate against such an amendment under different circumstances, we find that the plaintiff will suffer no prejudice by virtue of the granting of defendants' cross motion for leave to amend. Finally, on this record, we cannot say that the proposed amendment is "palpably improper" or "devoid of merit" *(Norman v Ferrara,* 107 AD2d 739, 740; *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512, 514). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.