■ AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Appellant, v GATEWAY ASSOCIATES, Respondent.—In an action, *inter alia,* to recover damages for breach of a lease, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Walsh, J.), entered July 24, 1986, which denied its motion to add Connecticut General Life Insurance Company as an additional defendant to the action, and (2), as limited by its brief, from so much of an order of the same court, entered July 25, 1986, as denied those branches of its motion which were for leave to serve a further amended complaint to add a "fifth" cause of action to impress and foreclose a lien on the subject premises, as against the defendant and the proposed additional defendant, and to assert a proposed "sixth" cause of action against Connecticut General Life Insurance Company.

Ordered that the order entered July 24, 1986, is reversed, the plaintiff's motion to add Connecticut General Life Insur-

ance Company as an additional defendant to the action is granted, and the plaintiff is granted leave a serve a supplemental summons (CPLR 305 [a]) and further amended complaint against it; and it is further,

Ordered that the order entered July 25, 1986, is reversed insofar as appealed from, and those branches of the plaintiff's motion which were for leave to serve a further amended complaint to include an additional cause of action to impress and foreclose a lien upon the subject premises as against the defendant and Connecticut General Life Insurance Company, and to add a proposed sixth cause of action against Connecticut General Life Insurance Company, are granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs, and it is further,

Ordered that the further amended complaint is deemed served on the defendant.

The provisions of the lease which purport to limit the plaintiff tenant's remedies against the defendant landlord are sufficient to support a cause of action to impress and foreclose a lien upon the subject premises. Since leave to amend the complaint should be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law, or unless the delay in seeking the amendment directly results in prejudice or surprise (see, Burack v Burack, 122 AD2d 101), and none of these exceptions exist herein, we conclude that the branch of the plaintiff's motion which sought to further amend the complaint to include the "fifth" cause of action should have been granted.

Furthermore, in light of our decision with regard to the amendment to the complaint, Connecticut General Life Insurance Company, the holder of a first mortgage securing a debt on the landlord's property, should be a party to the action (see, 330 Bleeker St. Corp. v Mutual Tile Corp., 260 NY 258). Accordingly, the plaintiff's motion to add Connecticut General Life Insurance Company as an additional defendant should have been granted and the plaintiff is granted leave to serve a supplemental summons and the further amended complaint upon that defendant. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.