■ JOHN DeGRADI, Individually and as Administrator of the Estate of STELLA DeGRADI, Deceased, Respondent, v CONEY ISLAND MEDICAL GROUP, P. C., et al., Appellants.—In a medical malpractice action to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Kings County (Levine, J.), dated September 11, 1989, which denied their motion for leave to amend their answer so as to interpose an affirmative defense of the Statute of Limitations and for summary judgment dismissing the complaint against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court improvidently exercised its discretion in denying the defendants' motion to amend their answer so as to interpose the affirmative defense of the Statute of Limitations. It is well settled that leave to serve an amended answer should be freely granted "unless the amendment sought is palpably improper or insufficient as a matter of law or unless prejudice or surprise directly results from delay in serving such amendment" *(Barnes v County of Nassau,* 108 AD2d 50, 52; *see also, Fahey v County of Ontario,* 44 NY2d 934). In the instant case, the plaintiff failed to establish that any prejudice or surprise would result from the granting of the proposed amendment. The mere fact that the proposed amendment may defeat the plaintiff's cause of action is an insufficient basis for denying leave to amend *(see, Burack v Burack,* 122 AD2d 101, 103).

Moreover, upon amendment of the answer, the defendants were further entitled to dismissal of the complaint. By the terms of the affiliation agreement between Coney Island Medical Group (hereinafter CIMG) and the Health and Hospitals Corporation of the City of New York (hereinafter HHC), it is clear that CIMG, as well as the doctors who service Coney Island Hospital, must be characterized as employees of HHC *(see,* General Municipal Law § 50-k [1] [e]). Therefore, they are entitled to the benefits of the abbreviated statutory period of limitation set forth in General Municipal Law § 50-i *(see, Norr v Spiegler,* 53 NY2d 661, 663, *affg* 72 AD2d 20; *Derlicka v Leo,* 281 NY 266; *see generally, Urraro v Green,* 106 AD2d 567; *Albano v Hawkins,* 82 AD2d 871). As the plaintiff failed to commence his action within the abbreviated statutory period of one year and 90 days, the action is time-barred *(see,* General Municipal Law § 50-i). Lawrence, J. P., Eiber, Balletta and Ritter, JJ., concur.