■ RUTH WIEDER et al., Individually and as Coexecutors of JOSEPH WIEDER, Deceased, Appellants, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Respondents.—Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about April 24, 1991, which granted defendants' motion for leave to reargue the court's decision of November 9, 1990 and upon reargument granted defendants' motion to dismiss plaintiffs' cause of action for conscious pain and suffering, unanimously affirmed, without costs.

Plaintiffs allege that defendants negligently failed to deliver emergency medical services to decedent Joseph Wieder within a reasonable time and seek damages for the wrongful death of decedent, which occurred on May 24, 1988, and his conscious pain and suffering attendant thereto.

The notice of claim with respect to decedent's conscious pain and suffering was served on defendants on September 23, 1988. In October 1990, defendants moved to dismiss the claim for conscious pain and suffering upon the ground that the notice was untimely pursuant to General Municipal Law § 50-e. Plaintiffs cross-moved for an extension of time to deem the late notice timely. The trial court deemed the motion for an extension to have been timely made and the notice of claim to have been timely filed, stating that since "the causes of action for conscious pain and suffering and wrongful death are inextricably intertwined, it is clear that no prejudice could possibly inur[e] to defendant by retroactively permitting an extension of one month for the filing of the notice of claim for conscious pain and suffering." On reargument, Supreme Court reversed its holding upon this Court's decision in *Rodriguez v City of New York* (169 AD2d 532).

In that wrongful death case, as in the present action, it was undisputed that with respect to the cause of action for conscious pain and suffering, the notice of claim was not served on the municipal defendants within the required 90-day period and that no motion for leave to serve a late notice of claim was made within the 1 year and 90 day period. This Court

dismissed as untimely the claim for conscious pain and suffering. We specifically rejected the arguments raised by plaintiffs in the instant appeal, concluding that the failure to apprise plaintiffs of the untimeliness of the notice of claim does not work an estoppel and that the period in which a notice of claim must be filed does not constitute a statute of limitations that must be pleaded as an affirmative defense under CPLR 3211 (e). Accordingly, we affirm. Concur—Rosenberger, J. P., Wallach, Kassal and Rubin, JJ.