■ JAE WOO YOO, as Administrator of the Estate of FLOYD WILLIAMS, JR., Deceased, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [657 NYS2d 189] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered October 31, 1996, which, in a action for wrongful death and conscious pain and suffering allegedly caused by the medical malpractice of defendants, New York City Health and Hospitals Corporation and one of its staff physicians, granted defendants' motion to dismiss the causes of action for conscious pain and suffering, unanimously affirmed, without costs.

The causes of action for conscious pain and suffering were properly dismissed on the ground that the notice of claim was not served within 90 days of accrual, which was, at the latest, the date of death, and no motion for leave to serve a late notice of claim was made within the one year and 90-days Statute of Limitations (McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended]; General Municipal Law § 50-e [1] [a]; [5]; § 50-i; *see, Rodriguez v City of New York*, 169 AD2d 532; *Wieder v New York City Health & Hosps. Corp.*, 183 AD2d 677). In *Wieder (supra)*, we specifically rejected the contention that causes of action for wrongful death and conscious pain and suffering are so inextricably intertwined in the context of

medical malpractice that the notice of claim time requirements applicable to the former should govern the latter, and we reject plaintiffs' argument that the 1990 amendment to McKinney's Unconsolidated Laws of NY § 7401 (2) (L 1990, ch 804, § 122), excepting "an action for wrongful death" from the usual 90-days-after-accrual rule, requires acceptance of that contention. The "materially separate and distinct" nature of causes of action for wrongful death and conscious pain and suffering is too well established (*see, Ratka v St. Francis Hosp.*, 44 NY2d 604, 609-610) to accept that the Legislature, because it used the word "action" instead of "cause of action", intended the exception to apply not just to wrongful death causes of action but to all causes of action contained in an action that includes a wrongful death cause of action. We have considered plaintiff's other arguments and find them to be without merit, including the argument that a timely notice of claim was not a condition precedent to commencement of the action against the treating physician (*see*, McKinney's Uncons Laws of NY § 7401 [6]; General Municipal Law § 50-e [1] [b]; § 50-k; *DeGradi v Coney Is. Med. Group*, 172 AD2d 582, *lv denied* 78 NY2d 860), and that to hold that is would be violative of the State constitutional prohibition against legislative abrogation of "[t]he right of action now existing to recover damages for injuries resulting in death" (NY Const, art I, § 16; *see, Miller v Miller*, 22 NY2d 12, 18). Concur—Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.