■ MOSES RAMOS, Respondent, v FARIBORZ RAVAN et al., Appellants, et al., Defendants. ISRAEL RAMOS, Respondent, v FARIBORZ RAVAN et al., Appellants, et al., Defendants. [677 NYS2d 140] —Orders, Supreme Court, Bronx County (Douglas McKeon, J.), entered August 16 and 28, 1996, granting each plaintiff's motion to dismiss the second and fourth affirmative defenses in the answers of the respective defendants-appellants, unanimously reversed, on the law, without costs, the motions denied, and those defenses are reinstated.

The issue in these consolidated medical malpractice appeals is whether the applicable Statute of Limitations is three years (CPLR 214, prior to the enactment of CPLR 214-a) plus tolling for infancy (CPLR 208), or the more abbreviated one year and 90 days for commencement against New York City employees (General Municipal Law § 50-k [6]) plus tolling for infancy, and whether there is a requirement to serve notice upon a public corporation or its employees within 90 days after a claim arises (General Municipal Law § 50-e [1] [a]). For these plaintiffs— born in August 1973 and November 1974, respectively—neither of the shorter limitation requirements was satisfied when the actions were commenced in August 1994. The second affirmative defenses are based on the Statute of Limitations, and the fourth affirmative defenses are based on the unique notice-of-claim requirements of the General Municipal Law.

The individual defendants appealing herein are doctors admittedly employed by defendant-appellant Montefiore, a voluntary hospital. As such, the three-year Statute of Limitations would normally apply. However, at the time of the alleged malpractice they claim to have been residents and interns doing their rotations without compensation at defendant Morrisania, which was owned and operated by defendant New York City Health and Hospitals Corporation (HHC). That being the case, a proper notice of claim was a condition precedent to the commencement of these actions (General Municipal Law § 50-d [2]), and a viable defense exists as to the untimeliness of com-

mencement* (see, DeGradi v Coney Is. Med. Group, 172 AD2d 582, lv denied 78 NY2d 860). It stands to reason that if commencement of these actions against the doctors is jurisdictionally defective, the same defenses should be available to the employer hospital (Montefiore) from which they were assigned to intern or do residency at Morrisania in the first place.

Summary judgment cannot be granted on the affirmative defenses, however, because the true status of the individual defendants has not been established. The record does not contain the affiliation agreement between private employer Montefiore and municipal host Morrisania. Until these defendants can conclusively establish their transient employee status with defendant HHC, they cannot prevail on these defenses as a matter of law. Concur—Sullivan, J. P., Rosenberger, Wallach, Tom and Saxe, JJ.

---

* Motions have been granted dismissing the actions on these grounds against HHC and Morrisania.