■ MOSES RAMOS, Respondent, v FARIBORZ RAVAN et al., Appellants, et al., Defendants. ISRAEL RAMOS, Respondent, v FARIBORZ RAVAN et al., Appellants, et al., Defendants. [734 NYS2d 66] —Orders, Supreme Court, Bronx County (Louis Benza, J.), entered on or about April 5, 2000, and order, same court (Alan Saks, J.), entered May 4, 2000, which, in separate actions for medical malpractice, insofar as appealed from as limited by the briefs, granted plaintiffs' cross motions to dismiss defendants' affirmative defenses of the Statute of Limitations and failure to serve a notice of claim, unanimously affirmed, without costs.

The appeals bring up the issue framed on the prior appeal in these actions (253 AD2d 582), namely, whether the individual

defendants, doctors employed by defendant Montefiore Hospital, a voluntary hospital, were, at the times of the alleged medical malpractice in 1973 and 1974, acting as transient employees of the New York City Health and Hospitals Corporation (HHC) and as such, entitled to the protections of the one year and 90-day Statute of Limitations and the notice of claim requirements contained in General Municipal Law §§ 50-k and 50-e, respectively. The doctors argue that an issue of fact as to their transient employee status with HHC is raised by submitted portions of affiliation agreements, dated 1968 and 1971, between Montefiore and HHC relating to the former's provision of services to defendant Morrisania, a medical facility operated by HHC where the alleged malpractice occurred. Such argument was properly rejected by the motion courts in the absence of any evidence that either agreement was in effect at the times of the alleged malpractice. In any event, assuming such agreements were in effect, the portions submitted do not support the doctors' contention that they were transient employees of HHC, but, on the contrary, demonstrate that they remained subject to Montefiore's complete supervision and control (compare, De-Gradi v Coney Is. Med. Group, 172 AD2d 582, lv denied 78 NY2d 860). Since the dates of the alleged malpractice predate the prospective 1975 amendments of both CPLR 214 and CPLR 208, the motion courts correctly applied a three-year limitations period from the dates of plaintiffs' 18th birthdays (cf., Lozada v Gum Sook Baeck, 225 AD2d 405, lv denied 88 NY2d 816). Accordingly, the actions were timely instituted. Concur— Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.