■ JAMES WILLIAMS, Appellant, v CITY OF NEW YORK et al., Respondents. [905 NYS2d 23]—

Order, Supreme Court, New York County (Douglas E. Mc-Keon, J.), entered December 17, 2008, which granted the motion of defendant Health and Hospitals Corporation (HHC) to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, by his own admission, served the New York City Comptroller rather than HHC within one year and 90 days after his treatment at the Bellevue dental clinic. However, service on the Comptroller does not constitute service on HHC (see Scantlebury v New York City Health & Hosps. Corp., 4 NY3d 606 [2005]). Since service of the notice of claim on the proper entity is a condition precedent to suit (see id. at 609) and more than one year and 90 days elapsed after accrual of the claim before HHC was served, the court correctly dismissed the complaint (see Pierson v City of New York, 56 NY2d 950 [1982]).

HHC is not equitably estopped from seeking dismissal of the complaint.

Plaintiff was treated at Woodhull more than a year after his treatment at Bellevue. The fact that Woodhull and Bellevue are both HHC entities does not automatically invoke the continuous treatment doctrine (see Allende v New York City Health & Hosps. Corp., 90 NY2d 333, 340 [1997]). In any event, plaintiff admitted, in a complaint letter to Woodhull, that the treatment he received there was unrelated to the treatment he had received at Bellevue. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ.