■ PATRICK GLASHEEN, Respondent, v MIGUEL A. VALERA et al., Appellants, et al., Defendant. [984 NYS2d 25]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered September 19, 2012, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion to dismiss the complaint as against them on the ground that plaintiff failed to serve a notice of claim on them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff timely filed a notice of claim on the City by using its online form, provided by the Comptroller's Office, which allowed plaintiff to specify that the claim was against the New York City Transit Authority (NYCTA) (*see* General Municipal Law § 50-e; 2010 McKinney's Session Law News of NY, No. 1 at 44 [Apr. 2010]). The complaint, served and filed more than one year and 30 days after the accident, alleged that a notice of claim had been timely served on the City, but did not allege service upon NYCTA or the Metropolitan Transportation Authority (MTA) (Public Authorities Law §§ 1212 [2]; 1276 [2]). It is well settled that service of a notice of claim on the City through the Comptroller's Office is not service upon a separate public authority (*see Castro-Castillo v City of New York*, 78 AD3d 406 [1st Dept 2010]; *Matter of Ringgold v New York City Tr. Auth.*, 286 App Div 806 [1st Dept 1955]). Since plaintiff did not comply with the condition precedent of service of a notice of claim upon the Transit Authority defendants, and they deny having received the notice of claim from the Comptroller's Office, dismissal is required.

While the electronic notice of claim form provided by the City Comptroller's Office had the potential to confuse claimants, at least as to NYCTA, the facts do not present the kind of unusual situation that would warrant application of the doctrine of equitable estoppel since there is no basis for finding that the Transit Authority defendants "wrongfully or negligently" induced plaintiff to believe that service upon the Comptroller's office would be acceptable as against them (*Matter of Hamptons Hosp. & Med. Ctr. v Moore*, 52 NY2d 88, 94 n 1 [1981]; *compare Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662, 668

[1976]; *Padilla v Department of Educ. of the City of N.Y.*, 90 AD3d 458 [1st Dept 2011]). Moreover, there is no basis for finding that the Transit Authority defendants received actual notice of the essential facts constituting plaintiff's claim within 90 days of the accident.

Defendants also argue that the action was untimely commenced as against MTA (*see* Public Authorities Law § 1276 [1], [2]). This argument is irrefutable on the record. Although it is raised for the first time on appeal, it may be considered since it presents a question of law that could not have been avoided had it been raised before the motion court (*Matter of Fleischer v New York State Liq. Auth.*, 103 AD3d 581 [1st Dept 2013], *lv denied* 21 NY3d 856 [2013]; *Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209 [1st Dept 1996], *lv denied* 88 NY2d 811 [1996]).

Plaintiff's argument that defendants' motion should not have been considered because defendants failed to annex all of the pleadings lacks merit. This requirement does not apply to a motion to dismiss (*see* CPLR 3211), and, in any event, can be excused by the motion court (*see* CPLR 2001). Concur—Friedman, J.P., Moskowitz, Freedman, Gische and Clark, JJ.