■ WILLIAM SMITH, Appellant, v KAUSHIK DAS et al., Respondents. [5 NYS3d 72]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered October 18, 2012, which granted the motion of defendants New York City Health & Hospitals Corp. (HHC) and Kaushik Das, M.D., to dismiss plaintiff's complaint on the grounds that plaintiff failed to timely file a notice of claim, unanimously modified, on the law, the motion denied as to Kaushik Das, M.D., and otherwise affirmed, without costs.

Plaintiff filed a notice of claim naming HHC, but admittedly filed the notice with the New York City Comptroller. Service on the Comptroller does not constitute service on HHC, since the City and HHC are separate entities for purposes of service of a notice of claim (*see Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 611 [2005]). Since plaintiff failed to serve a notice of claim, or move for leave to serve a late notice, for more than a year and 90 days after accrual of the claim, the court correctly dismissed the complaint as to HHC (*see Pierson v City of New York*, 56 NY2d 950, 954 [1982]).

However, with respect to defendant Kaushik Das, M.D., defendants have not met their burden in showing that he was HHC's employee as a matter of law. Although defendants contend that plaintiff's assertions in his complaint constitutes a judicial admission that Dr. Das was HHC's employee (*see Bogoni v Friedlander*, 197 AD2d 281, 291 [1st Dept 1994], *lv denied* 84 NY2d 803 [1994]), the allegations were made "on information and belief" (*Empire Purveyors, Inc. v Weinberg*, 66 AD3d 508, 509 [1st Dept 2009]), and therefore, were not a judicial admission. Furthermore, defendants' other evidence, such as the assertion that Dr. Das was employed with HHC through an affiliation agreement, is not supported by evidence of such an agreement (*see Ramos v Ravan*, 253 AD2d 582, 583 [1st Dept 1998]).

In any event, plaintiff submitted evidence raising triable issues of fact as to whether Dr. Das was employed with HHC. Were these issues resolved in plaintiff's favor, this would obviate the need for service of a notice of claim on Dr. Das, and plaintiff's action against Dr. Das would be timely (*see Ramos v Ravan*, 289 AD2d 81, 82 [1st Dept 2001]). Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.