■ MISHELLE YOUNG, Appellant, v NEW YORK CITY HEALTH & HOSPITALS CORPORATION et al., Respondents. [48 NYS3d 316]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered April 23, 2015, which granted defendants' motion to dismiss the complaint for failure to file a notice of claim, unanimously modified, on the law, to deny so much of the motion as sought dismissal of the claims asserted against defendants Dr. Cornel Dumitriu and Dr. Amit Shah, and otherwise affirmed, without costs.

The motion court correctly dismissed plaintiff's claims against defendant New York City Health and Hospitals Corporation (HHC) and defendant Jacobi Medical Center, which HHC operates, since plaintiff's service of a notice of claim on the City of New York, through the City Comptroller's Office, did not constitute service upon HHC, a separate public entity (*see* General Municipal Law § 50-e [1]; McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospital Corporation Act § 20 (L 1969, ch 1016, § 1)]; Public Authorities Law § 2980; *Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606 [2005]; *Williams v City of New York*, 74 AD3d 548 [1st Dept 2010]). Because the time within which to commence an action against HHC had expired (*see* Uncons Laws § 7401 [2]; Public Authorities Law § 2981), the motion court "lacked the power to authorize late filing of the notice" (*Pierson v City of New York*, 56 NY2d 950, 956 [1982]).

There is no basis for applying the doctrine of equitable estoppel (*Glasheen v Valera*, 116 AD3d 505, 505 [1st Dept 2014]).

HHC's answer denying service of a notice of claim and identifying itself as a public benefit corporation, placed plaintiff on notice of a problem with service before the expiration of the statute of limitations (*see Scantlebury*, 4 NY3d at 613).

The motion court correctly dismissed the complaint against defendants Dr. Steven Sobey and Dr. Saadat Shariff, since they met their burden of establishing that they were employees of HHC subject to the notice of claim requirements (*see* Uncons Laws § 7401 [6]; General Municipal Law §§ 50-e [1] [a]; 50-k

[1] [e]; *Jae Woo Yoo v New York City Health & Hosps. Corp.*, 239 AD2d 267, 268 [1st Dept 1997]). The affidavit of Jacobi Medical Center's senior associate director of medical staff affairs confirmed that these doctors were resident physicians appointed to the hospital's staff by HHC and fully indemnified by HHC. It is of no moment that defendants submitted the affidavit for the first time in reply to plaintiff's opposition to their motion, especially since plaintiff alleged in the complaint that the doctors were "employee[s] and/or contract agent[s]" of HHC.

Dr. Dumitriu and Dr. Shah, however, are not entitled to dismissal of the complaint. Plaintiff's allegations in the complaint regarding the employment and/or agency status of these doctors do not constitute formal judicial admissions, as they were made "[u]pon information and belief" (*see Smith v Das*, 126 AD3d 462, 463 [1st Dept 2015]). Defendants' claim that these doctors were employed with HHC through an affiliation agreement is not supported by evidence of the agreement and thus is insufficient to resolve the issue (*id.*). Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.