Preston v Janssen Pharms., Inc. (2019 NY Slip Op 02969)





Preston v Janssen Pharms., Inc.


2019 NY Slip Op 02969


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

Richter, J.P., Manzanet-Daniels, Kahn, Gesmer, Oing, JJ.


158570/17 9035NA 9035N

[*1] Zayre Preston, Plaintiff-Appellant,
v
Janssen Pharmaceuticals, Inc., et al., Defendants, Dr. Raihana Khorasanee, M.D., Defendant-Respondent.


Monaco & Monaco, LLP, Brooklyn (Frank A. Delle Donne of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered June 7, 2018, which denied plaintiff's motion for leave to file and serve a late notice of claim on the City of New York and New York City Health and Hospitals Corporation (HHS) and for leave to file and serve a supplemental summons and amended complaint naming those entities as party defendants, unanimously affirmed, without costs. Order, same court and Justice, entered October 16, 2018, which granted defendant Dr. Raihana Khorasanee, M.D.'s motion to dismiss the complaint as against her for failure to file and serve a notice of claim prior to commencing the action and to commence the action within the applicable statute of limitations, unanimously affirmed, without costs.
Plaintiff failed to establish that the statute of limitations on her medical malpractice cause of action against defendant Dr. Khorasanee arising from alleged ocular injuries should be tolled by application of the continuous treatment doctrine (see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 267-268 [2002]; Boyle v Fox, 51 AD3d 1243 [3d Dept 2008], lv denied 11 NY3d 701 [2008]). The medical records do not establish the plaintiff informed Dr, Khorasanne of her ocular problems.
Plaintiff's motion for leave to serve a late notice of claim on the City and HHS was correctly denied as untimely, since it was not made within the limitations period for tort claims against these entities, i.e., one year and 90 days after the accrual of her cause of action (see General Municipal Law §§ 50-e[5]; 50-i[1]; McKinney's Unconsolidated Laws of NY § 7401[2]; see also Young v New York City Health & Hosps. Corp., 147 AD3d 509, 509 [1st Dept 2017]). Since Dr. Khorasanee established that she was HHS's employee at all relevant times, the [*2]complaint was correctly dismissed as against her (see Uncons Laws § 7401[6]; see also Young, 147 AD3d at 509-510).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK