Birencwajg v Compaore (2021 NY Slip Op 06747)





Birencwajg v Compaore


2021 NY Slip Op 06747


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 158784/19 Appeal No. 14747 Case No. 2021-01628 

[*1]Silvana Birencwajg, Plaintiff-Respondent,
v
Moise Compaore et al., Defendants, Chalk Point Kitchen et al., Defendants-Appellants.


Katz & Rychik, P.C., New York (Abe M. Rychik of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered October 30, 2020, which, to the extent appealed from as limited by the briefs, denied defendants Chalk Point Kitchen, 525 Broome Street Restaurant LLC, and Indiefork LLC's (the restaurant defendants) motion to dismiss the complaint as against them pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, without costs.
Plaintiff seeks to recover damages for injuries she suffered when defendant Moise Compaore struck her with his electric bicycle as she was walking on the sidewalk. The complaint alleges that Compaore was employed by the restaurant defendants on the day of the accident to pick up and deliver food to a certain destination and that his negligence in operating his electric bicycle on a public sidewalk at an excessive and dangerous speed and his failure to maintain a sufficient lookout for pedestrians such as plaintiff while attempting to complete his delivery caused the accident and plaintiff's injuries. These allegations state a cause of action sounding in negligence against the restaurant defendants (see Judith M. v Sisters of Charity Hosp. , 93 NY2d 932 [1999]). The managing member's affidavit that the restaurant defendants did not employ Compaore on the day in question merely raises factual issues not amenable to resolution on a motion to dismiss on the pleadings.
The documentary evidence fails to demonstrate conclusively that the restaurant defendants were not Compaore's employers on the day of plaintiff's accident. The August 31, 2018 delivery partner agreement between Compaore and defendant Grubhub, Inc. is dated almost a year after the accident occurred, and there is no evidence that it was in effect on the date of the accident (see Ramos v Ravan , 289 AD2d 81 [1st Dept 2001]). In any event, by its terms the agreement does not prohibit Compaore from providing delivery services to anyone else, including Grubhub's competitors.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021