Umeh v New York City Health & Hosps. Corp. (2024 NY Slip Op 04534)

Umeh v New York City Health & Hosps. Corp.

2024 NY Slip Op 04534

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Kern, J.P., Oing, Kapnick, Higgitt, Michael, JJ. 

Index No. 29886/20 Appeal No. 2340 Case No. 2023-03578 

[*1]Micah Umeh, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, et al., Defendants, Danielle Friedman, M.D., et al., Defendants-Respondents.

Law Offices of K.C. Okoli, P.C., New York (K.C., Okoli of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lorenzo Di Silvio of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered May 3, 2023, which granted defendants Danielle Friedman, M.D. and Andre Outon, M.D.'s motion to dismiss the complaint as against them pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.
Plaintiff's action was previously dismissed as against New York City Health and Hospitals Corporation (HHC) based on his failure to serve HHC with a notice of claim (see Umeh v New York City Health & Hosps. Corp., 205 AD3d 599 [1st Dept 2022]). The motion court correctly granted the subsequent motion of Drs. Friedman and Outon to dismiss the complaint as against them based on the failure to comply with the notice of claim requirement (see General Municipal Law § 50-e[1]; McKinney's Uncons Laws of NY § 7401[2] [New York City Health and Hospital Corporation Act § 20, L 1969, ch 1016, § 1]). Friedman and Outon met their burden of establishing that they were employees of HHC subject to the notice of claim requirements (see Uncons Laws § 7401[6]; General Municipal Law §§ 50-e[1][a]; 50-k; Young v New York City Health & Hosps. Corp., 147 AD3d 509, 509-510 [1st Dept 2017]; Jae Woo Yoo v New York City Health & Hosps. Corp., 239 AD2d 267, 268 [1st Dept 1997]). Contrary to plaintiff's contentions, Friedman and Outon properly submitted admissible evidence through an attorney affirmation, as well as the affidavit of a person with personal knowledge (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]), and the court properly considered additional documents submitted by them in reply in direct response to plaintiff's opposition papers (see Sanford v 27-29 W. 181st St. Assn., 300 AD2d 250, 251 [1st Dept 2002]).
Friedman was not required to plead failure to file a notice of claim as an affirmative defense, since compliance with the notice of claim requirement is part of plaintiff's substantive cause of action and plaintiff was required to plead compliance (see Singleton v City of New York, 55 AD3d 447 [1st Dept 2008]; Reaves v City of New York, 177 AD2d 437, 437 [1st Dept 1991]). Friedman and Outon's motion to dismiss was
not barred by the one motion rule of CPLR 3211(e), as this was their first motion to dismiss the complaint.
We have considered plaintiff's remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on May 21, 2024 is hereby recalled and vacated (see M-2934 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024