## Matter of Roche v Harlem Hosp. Ctr.

2026 NY Slip Op 31039(U)

March 17, 2026

Supreme Court, New York County

Docket Number: Index No. 164248/2025

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**                              PART                         **56M**

                         *Justice*

-------------------------------------------------------------------------------X

In the Matter of                                                 INDEX NO.              164248/2025

CATHERINE SERRANO ROCHE, as administratrix of the               MOTION DATE            12/05/2025
estate of ANTHONY LAURIA,
                                                                MOTION SEQ. NO.            001
                                   Petitioner,

                          - v -
                                                                **DECISION, ORDER, and**
HARLEM HOSPITAL CENTER, NEW YORK CITY HEALTH                           **JUDGMENT**
& HOSPITALS CORP., and THE CITY OF NEW YORK,

                                   Respondents.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for          LEAVE TO SERVE LATE NOTICE OF CLAIM    .

This is a proceeding pursuant to General Municipal Law § 50-e(5) and McKinney's Unconsolidated Laws of N.Y. § 7401(2) (New York City Health & Hosps. Corp. Act § 20[2], L 1969, ch 1016, § 1, as amended) for leave to serve a late notice of claim upon the respondents in connection with a medical malpractice cause of action seeking to recover for conscious pain and suffering.  The respondents answer the petition, and submit an affirmation in opposition to thereto.  The petition is denied, and the proceeding is dismissed.

From October 8, 2023 through November 19, 2023, the petitioner's decedent, Anthony Lauria, was an inpatient at the respondent Harlem Hospital Center, which is operated by the respondent New York City Health & Hospitals Corp. (NYC HHC).  Lauria died on November 19, 2023.  The petitioner was appointed as administrator of the decedent's estate on August 8, 2025.  On October 29, 2025, that is, less than 90 days thereafter, the petitioner served a notice of claim upon NYC HHC, alleging claims sounding both in medical malpractice for conscious pain and suffering and wrongful death.

164248/2025   IN THE MATTER OF THE CLAIM OF CATHERINE SERRANO ROCHE, AS                    Page 1 of 7
ADMINISTRATRIX OF THE ESTATE OF ANTHONY LAURIA vs. HARLEM HOSPITAL CENTER ET
AL
Motion No.  001

1 of 7

[* 1]

General Municipal Law § 50-e(1)(a) provides, in relevant part, that

> "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the general construction law, or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises; *except that in wrongful death actions, the ninety days shall run from the appointment of a representative of the decedent's estate*"

(emphasis added).  As the petitioner recognized, the Appellate Division, First Department, has posited a rule requiring that notices of claim alleging that the NYC HHC's malpractice caused conscious pain and suffering must be served within 90 days of the accrual of the claim, which, for an inpatient who dies, is the date of death, regardless of whether a representative of the patient's estate had yet been appointed within that 90-day period (*see Jae Woo Yoo v New York City Health & Hosps. Corp*., 239 AD2d 267, 267-268 [1st Dept 1997]).  In that case, the plaintiff had asserted causes of action against the NYC HHC to recover for conscious pain and suffering and wrongful death, both of which were premised upon its alleged medical malpractice.  The Supreme Court granted the NYC HHC's motion to dismiss the conscious pain and suffering cause of action on the ground that the plaintiff had neither timely served a notice of claim asserting that cause of action, nor had moved or petitioned within one year and 90 days to extend the time for service thereof.  As that Court explained it,

> "[t]he causes of action for conscious pain and suffering *were properly dismissed on the ground that the notice of claim was not served within 90 days of accrual, which was, at the latest, the date of death, and no motion for leave to serve a late notice of claim was made within the one year and 90-days Statute of Limitations* (McKinney's Uncons Laws of NY § 7401[2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended]; General Municipal Law § 50-e[1][a]; [5]; § 50-i; *see, Rodriguez v City of New York*, 169 AD2d 532; *Wieder v New York City Health & Hosps. Corp*., 183 AD2d 677).  In *Wieder* (*supra*), we specifically rejected the contention that causes of action for wrongful death and conscious pain and suffering are so inextricably intertwined in the context of medical malpractice that the notice of claim time requirements applicable to the former should govern the latter, and we reject plaintiffs' argument that the 1990 amendment to McKinney's Unconsolidated Laws of NY § 7401(2) (L 1990, ch 804, § 122), excepting 'an action for wrongful death' from the usual 90-days-after-accrual rule, requires acceptance of that contention.  The 'materially separate and distinct' nature of causes of action for wrongful death

**164248/2025   IN THE MATTER OF THE CLAIM OF CATHERINE SERRANO ROCHE, AS ADMINISTRATRIX OF THE ESTATE OF ANTHONY LAURIA vs. HARLEM HOSPITAL CENTER ET AL**
**Motion No.  001**

**Page 2 of 7**

2 of 7

[* 2]

and conscious pain and suffering is too well established (*see*, *Ratka v St. Francis Hosp.*, 44 NY2d 604, 609-610) to accept that the Legislature, because it used the word 'action' instead of 'cause of action', intended the exception to apply not just to wrongful death causes of action but to all causes of action contained in an action that includes a wrongful death cause of action.  We have considered plaintiff's other arguments and find them to be without merit, including the argument that a timely notice of claim was not a condition precedent to commencement of the action against the treating physician (*see*, McKinney's Uncons Laws of NY § 7401[6]; General Municipal Law § 50-e[1][b]; § 50-k; *DeGradi v Coney Is. Med. Group*, 172 AD2d 582, *lv denied* 78 NY2d 860), and that to hold that it is would be violative of the State constitutional prohibition against legislative abrogation of '[t]he right of action now existing to recover damages for injuries resulting in death' (NY Const, art I, § 16; *see*, *Miller v Miller*, 22 NY2d 12, 18)"

(*id*. [emphasis added]; *see Mack v City of New York*, 265 AD2d 308, 309 [2d Dept 1999] ["A cause of action to recover damages for conscious pain and suffering is materially distinct from a cause of action to recover damages for wrongful death, and the plaintiffs were required to serve a notice of claim within 90 days of the occurrence"]; *cf. Santos v City of New York*, 38 AD3d 302, 302 [1st Dept 2007] ["Defendants concede that plaintiff's notice of claim was timely *as to her decedent's pain and suffering on the date of his death*" (emphasis added)]).  Although this court expresses its concern that, in most cases, no representative of a decedent's estate will have been appointed during the 90 days immediately following the death of a patient and, hence, it is unclear who would be able to serve a notice of claim on behalf of the estate during that interval, or a reasonable time thereafter, the court is constrained to follow the holding of the First Department in this regard (*see D'Alessandro v Carro*, 123 AD3d 1, 6 [1st Dept 2014]).

Service of a notice of claim within 90 days after accrual of a tort claim is a condition precedent to the commencement of an action against a public corporation such as the NYC HHC (*see* McKinney's Uncons Laws of NY § 7401[2] [New York City Health and Hospitals Corporation Act § 20(2), as added by L 1969, ch 1016, § 1, as amended by L 1990, ch 804, § 122]; General Municipal Law § 50-e[1][a]; *Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606, 609 [2005]; *Umeh v New York City Health & Hosps. Corp.,* 205 AD3d 599, 601 [1st Dept 2022]; *Watts v City of New York*, 186 AD3d 1574, 1575 [2d Dept 2020]).  The failure to

**164248/2025   IN THE MATTER OF THE CLAIM OF CATHERINE SERRANO ROCHE, AS**          **Page 3 of 7**
**ADMINISTRATRIX OF THE ESTATE OF ANTHONY LAURIA vs. HARLEM HOSPITAL CENTER ET**
**AL**
**Motion No.  001**

[* 3]

satisfy this condition precedent may implicate the subject matter jurisdiction of the court (*see Copeland v Salomon*, 56 NY2d 222, 227 [1982] [the term "lack of subject matter jurisdiction" is "inexactly used to refer to the situation in which the absence of a condition precedent requires dismissal of a particular case notwithstanding that the court has jurisdiction of the subject matter"]; *Lumbermens Mut. Cas. Co. v Port Authority of N.Y. & N.J.*, 137 AD2d 796 [2d Dept 1988] [failure to serve notice of claim upon Port Authority deprives court of subject matter jurisdiction]; *cf. McKenzie v Port Auth. of N.Y. & N.J.,* 201 AD3d 572, 572 [1st Dept 2022] [requirement that action be commenced against Port Authority within one year of accrual of cause of action is a condition precedent, and the failure to commence action within that time period deprives the court of subject matter jurisdiction]).

General Municipal Law § 50-e(5) nonetheless permits a court, in its discretion, to extend the time for a petitioner or plaintiff to serve a notice of claim.

Crucially, however,

> "[t]he 1976 amendments to section 50-e of the General Municipal Law permit a court to grant an application to file a late notice of claim after the commencement of the action but preclude the court from granting an extension which would exceed 'the time limited for the commencement of an action by the claimant against the public corporation' (L 1976, ch 745, § 2 [now General Municipal Law, § 50-e, subd 5 ]). *That means that the application for the extension may be made before or after the commencement of the action but not more than one year and 90 days after the cause of action accrued, unless the statute has been tolled*"

(*Pierson v City of New York*, 56 NY2d 950, 954 [1982] [emphasis added]). Thus, where a plaintiff moves or petitions for leave to serve a late notice of claim after the applicable limitations period has lapsed, the court is without authority or discretion to consider the motion or petition (*see id*.; *Axisa v New York City Health & Hosps. Corp.,* 229 AD3d 437, 437 [1st Dept 2024] [this court "properly determined that it could not grant leave as to the medical malpractice and negligence claims alleged in the complaint because the one-year and 90-day statute of limitations for those claims expired before the motion was made"]; *Preston v Janssen*

164248/2025   IN THE MATTER OF THE CLAIM OF CATHERINE SERRANO ROCHE, AS ADMINISTRATRIX OF THE ESTATE OF ANTHONY LAURIA vs. HARLEM HOSPITAL CENTER ET AL
Motion No.  001

Page 4 of 7

4 of 7

*Pharmaceuticals., Inc.*, 171 AD3d 572, 572-573 [1st Dept 2019]; *Young v New York City Health & Hosps. Corp.,* 147 AD3d 509, 509 [1st Dept 2017]; *see also Townsend v City of New York*, 173 AD3d 809, 810 [2d Dept 2019]; *Chtchannikova v City of New York*, 138 AD3d 908, 909 [2d Dept 2016]).

The petitioner's claim to recover for conscious pain and suffering on behalf of her decedent accrued on November 19, 2023, the date when her decedent died (*see Jae Woo Yoo v New York City Health & Hosps. Corp*., 239 AD2d at 267). The limitations period applicable to that claim is one year and 90 days (*see Sarjoo v New York City Health & Hosps. Corp.,* 252 AD2d 449, 450 [1st Dept 1998]; McKinney's Unconsolidated Laws of N.Y. § 7401[2] [New York City Health & Hosps. Corp. Act § 20(2), L 1969, ch 1016, § 1, as amended)]). That limitations period thus expired one year and 90 days after the November 19, 2023 accrual date, that is, on February 17, 2025. The petitioner did not commence this proceeding until October 28, 2025. Since this proceeding was commenced beyond the expiration of the limitations period, the court is without authority or discretion to consider it, and the petition must be denied on that ground.

In any event, the respondent Harlem Hospital Center is merely a facility owned and operated by the NYC HHC, is not a jural entity and, thus, lacks capacity to sue or be sued (*see Alameda v New York City Health & Hosps. Corp.*, 2018 NY Slip Op 32936[U], *1-2, 2018 NY Misc LEXIS 5510, *1-2 [Sup Ct, N.Y. County, Nov. 9, 2018]; *Ryan v New York City Health & Hosps. Corp.*, 2017 NY Slip Op 32627[U], *4, 2017 NY Misc LEXIS 4962, *5 [Sup Ct, N.Y. County, Dec. 15, 2017]; McKinney's Unconsolidated Laws § 7385[1]; New York City Charter § 396; *see also Del Pozo v Bellevue Hosp.*, 2011 WL 797464, *8 [SD NY, Mar. 3, 2011] [applying same analysis to Bellevue Hospital]; *Ayala v Bellevue Hosp.*, 1999 WL 637235, *3 [SD NY, Aug. 20, 1999] [same]). Hence, the petition must be denied insofar as asserted against Harlem Hospital Center on that ground as well.

164248/2025   IN THE MATTER OF THE CLAIM OF CATHERINE SERRANO ROCHE, AS
ADMINISTRATRIX OF THE ESTATE OF ANTHONY LAURIA vs. HARLEM HOSPITAL CENTER ET
AL
Motion No.  001

Page 5 of 7

[* 5]

5 of 7

Moreover, the NYC HHC is a legal entity separate and distinct from the City of New York (*see* McKinney's Unconsolidated Laws of NY §§ 7384[1], 7385[5], 7401[4] (New York City Health and Hospitals Corporation Act §§ 4[1], 5[5], 20[4], L 1969, ch 1016, § 1, as amended)]; *Ceely v New York City Health & Hosps. Corp*., 162 AD2d 492, 493 [2d Dept 1990] [medical malpractice cause of action may not be maintained against City for acts purportedly committed by NYC HHC employees]; *Binyard v City of New York*, 151 AD 2d 712, 712 [2d Dept 1989]). Although the City owns the hospital buildings themselves, it leases them to the NYC HHC, upon which the NYC HHC assumes complete responsibility, not only for all medical care rendered to patients, but also for the maintenance of the facilities (*see DeJesus v New York City Health & Hosps. Corp*., 309 AD 2d 729 [2d Dept 2003]; *see also New York City Health & Hosps. Corp. v Council of City of N.Y.,* 300 AD2d 69, 77 [1st Dept 2003] [preempting local law that sought to regulate security guards in NYC HHC facilities because, among other things, NYC HHC is a state public benefit corporation that completely autonomous from the City in connection with most of its operations]). In other words, the City is not a "medical provider" that can be held liable for rendering medical treatment that does not comport with the applicable standard of care (*Kohn v City of New York*, 2020 NY Slip Op 32184[U], *3, 2020 NY Misc LEXIS 3167, *7-8 [Sup Ct, N.Y. County, Jun. 12, 2020]; *see Spiegler v City of New York*, 99 AD2d 958, 959 [1st Dept 1984] [city was not a proper party to a medical malpractice action, since it had no control over NYC HHC, a "separate and distinct entity"]; see also Pollock v City of New York, 140 AD2d 550, 552 [2d Dept 1988] [same]). Since the City itself is not a proper party to this proceeding, the petition must be denied insofar as asserted against it on that additional ground.

In light of the foregoing, it is,

ORDERED that the petition is denied; and it is,

ADJUDGED that the proceeding is dismissed.

164248/2025   IN THE MATTER OF THE CLAIM OF CATHERINE SERRANO ROCHE, AS          Page 6 of 7
ADMINISTRATRIX OF THE ESTATE OF ANTHONY LAURIA vs. HARLEM HOSPITAL CENTER ET
AL
Motion No.  001

[* 6]                                      6 of 7

This constitutes the Decision, Order, and Judgment of the court.

| | |
|---|---|
| **3/17/2026** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | [ ] GRANTED | [X] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**164248/2025   IN THE MATTER OF THE CLAIM OF CATHERINE SERRANO ROCHE, AS ADMINISTRATRIX OF THE ESTATE OF ANTHONY LAURIA vs. HARLEM HOSPITAL CENTER ET AL**
**Motion No.  001**

Page 7 of 7

[* 7]