Outlaw v NYC Health + Hosps.
2026 NY Slip Op 03394
June 2, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Debbie Outlaw, Plaintiff-Appellant,
v
NYC Health + Hospitals, et al., Defendants-Respondents. In the Matter of Debbie Outlaw, Petitioner-Appellant,

Decided and Entered: June 02, 2026
Index No. 160027/22 155670/23|Appeal No. 6790-6791|Case No. 2025-02215 2025-02216|
Before: Manzanet-Daniels, J.P., Kennedy, Mendez, Michael, Hagler, JJ.

Lipsky Lowe LLP, New York (Sara J. Isaacson of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Amy McCamphill of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Machelle Sweeting, J.), entered on or about January 8, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint and denied plaintiff's cross-motion for leave to amend the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 8, 2025, insofar as it denied plaintiff's CPLR 2221 motion to renew her petition seeking leave to file a late notice of claim, unanimously affirmed, without costs. Appeal from so much of the same January 8, 2025 order, insofar as it denied plaintiff's motion to reargue her petition, unanimously dismissed, without costs, as taken from a nonappealable order.
Dismissal of the complaint is proper, as plaintiff failed to serve a timely notice of claim on defendant NYC Health + Hospitals (H+H) within 90 days of her claim accruing in February 2022 (General Municipal Law § 50-e[1][a]; see Matter of Townson v New York City Health & Hosps. Corp., 158 AD3d 401, 402 [1st Dept 2018]). Plaintiff admittedly failed to serve the proper party, H+H, and instead served the Comptroller of the City of New York (see Young v New York City Health & Hosps. Corp., 147 AD3d 509 [1st Dept 2017]). In any event, even if plaintiff had timely served a notice of claim, dismissal is warranted because plaintiff failed to plead that H+H owed her a special duty, as required to assert a negligence claim based on actions taken by a governmental defendant (see Ferreira v City of Binghamton, 38 NY3d 298, 304 [2022]; Betancourt v City of New York, 237 AD3d 597, 597 [1st Dept 2025]; see also Crystal v City of New York, 221 AD2d 255, 255 [1st Dept 1995]).
The court correctly denied plaintiff's cross-motion to amend the complaint as her new allegations cannot cure her failure to timely serve H+H and do not establish the existence of a special duty (see e.g. Goolsby v City of New York, 236 AD3d 404, 405 [1st Dept 2025]).
As to plaintiff's motion to renew, the court lacked discretion to grant the renewed application for leave to file a late notice of claim because that application was made after the one-year-and-90-day limitations period for bringing suit against H+H had elapsed (General Municipal Law § 50-i[1][c]; see Young, 147 AD3d at 509, citing Pierson v City of New York, 56 NY2d 950, 955-956 [1982]; Fornabaio v City of New York, 41 AD3d 125, 125 [2007]) Plaintiff also failed to provide a reasonable justification for not presenting the facts regarding her alleged constructive discharge in May 2022 in her petition (see Tribeca Lending Corp. v Bartlett, 121 AD3d 613, 614 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2026